UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Earl Gene Johnson, Jr., | ) Civil Action No.: 4:20-cv-01059-RBH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Sarah Samuel, Larry Abraham, and Major Hulon, | ) |
| Defendants. | ) |

Plaintiff Earl Gene Johnson, Jr. asserts his constitutional rights were violated during his pretrial confinement at the Dillon County Detention Center. The matter is before the Court on Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends granting Defendants' motion for summary judgment and dismissing this case in its entirety.[1]  *See* ECF Nos. 44 & 46.

## Legal Standards

### I. Review of the R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] The Magistrate Judge issued the R & R pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II.     Summary Judgment**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations."  *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**Discussion**

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that during his pretrial confinement at the Dillon County Detention Center ("DCDC"), he (1) was not allowed to order or receive an Arabic version of the Qur'an and (2) was unable to receive legal materials or access a law library. ECF No. 1 at pp. 4–7, 10. He sues Defendants Sarah Samuel (director of the DCDC), Major Hulon (then-Sheriff of Dillon County), and Larry Abraham (Hulon's chief deputy) seeking monetary

and injunctive relief.[2]  *Id.* at pp. 6, 8.  Defendants have moved for summary judgment.  ECF No. 37.

The Magistrate Judge construes Plaintiff's complaint as raising free exercise and access-to-the-courts claims under the First Amendment.[3]  R & R [ECF No. 44] at p. 6.  The Magistrate Judge recommends granting Defendants' motion for summary judgment because (1) Plaintiff failed to exhaust his administrative remedies regarding his free exercise claim and (2) his access-to-the-courts claim fails on the merits.  *Id.* at pp. 6–11.  Plaintiff objects to these recommendations.[4]  ECF No. 46.

Regarding his free exercise claim, Plaintiff *argues in his objections* that he "exhausted all administrative remedies" because Defendant Samuel "received and reviewed" his grievance concerning the Qur'an and informally resolved the issue by not returning the grievance, and because he "went up the chain of command to" Defendants Abraham and Hulon "by writing a letter."[5]  *Id.* at p. 3; *cf.* R &

---

[2]  Plaintiff's request for injunctive relief—seeking addition of a law library to the DCDC and rescission of the DCDC's ban against receiving books from the publisher, *see* ECF No. 1 at p. 6—is moot because he was transferred to another jail (the Marlboro County Detention Center) on May 26, 2020.  ECF No. 37-2 at p. 8; *see Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *see, e.g.*, *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) ("Because the prisoner has been transferred [from the Portsmouth city jail], his request for injunctive relief is moot.").

[3]  Plaintiff does not specifically object to the Magistrate Judge's construction of the complaint.  Nevertheless, the Court **MODIFIES** the R & R to reflect that Plaintiff's access-to-the-courts claim likely arises under both the First and Fourteenth Amendments.  *See Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995) (discussing how "the Supreme Court has explained the right of access to the courts is founded in the Due Process Clause" of the Fourteenth Amendment while "other cases have suggested that the right is located in the First Amendment" (cleaned up)).  Regardless, this modification does not alter the Court's analysis.  *See id.* ("We think it matters not, for purposes of § 1983, whether the right of access is catalogued under the First or Fourteenth Amendment.").

[4]  Initially, Plaintiff asserts the R & R does not mention "Plaintiff's Response to Reply to Plaintiff's Response to Defendants['] Motion for Summary Judgement."  ECF No. 46 at p. 1.  To the extent Plaintiff is referring to any surreply, the docket does not indicate he ever filed one; and regardless, he never sought leave to do so.  *See generally Deleston v. Nelsen*, 2021 WL 321177, at *1 n.1 (D.S.C. Feb. 1, 2021) ("Neither the Federal Rules of Civil Procedure nor the Local Rules provide for the ability to file a sur-reply as a matter of right.").  The Court notes the docket only reflects a motion for summary judgment filed by Defendants, a response in opposition filed by Plaintiff, and a reply filed by Defendants.  ECF Nos. 37, 40, & 42.

[5]  Although Plaintiff did not raise this specific argument in his response in opposition, the Court still must address it.  *See Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017) ("[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to

4

R at p. 7 (summarizing the grievance procedure at the DCDC). However, as the Magistrate Judge explains, Defendant Samuel *avers in her affidavit* that Plaintiff "never submitted a grievance related to any request and subsequent denial of a Quran." ECF No. 37-2 at p. 7. Plaintiff's unsworn argument in his objections is insufficient to rebut Defendant Samuel's sworn statement at the summary judgment stage. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970) (noting an unsworn statement was insufficient for purposes of summary judgment); *United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (recognizing "unsworn argument does not constitute evidence" for purposes of summary judgment); *see, e.g.*, *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 814–16 (D.S.C. 2008) (granting summary judgment because the plaintiff "offered no evidence" showing he exhausted his administrative remedies); *Banks v. Fowlkes*, 2014 WL 6633551, at *5 (E.D. Va. Nov. 20, 2014) (finding the plaintiff's unsworn argument regarding exhaustion was "legally insufficient to oppose defendants' motion for summary judgment"). Because there is no *evidence* that Plaintiff filed a grievance regarding the Qur'an, the Court will dismiss his free exercise claim without prejudice for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).[6]

---

that issue, regardless of whether they were raised before the magistrate." (italics removed)).

[6] Plaintiff's complaint is not verified and therefore cannot be considered an opposing affidavit for summary judgment purposes. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion."). Additionally, neither Plaintiff's response in opposition to Defendants' motion for summary judgment (ECF No. 40, which is cited in his objections) nor his objections to the R & R are verified. *See, e.g.*, *Walker v. Tyler Cty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001) ("We thus affirm the district court's grant of summary judgment because the [plaintiffs'] opposition to the [] defendants' motion rests on what we must regard as mere pleading allegations."). Significantly, after Defendants moved for summary judgment, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the summary judgment procedure to Plaintiff. ECF No. 38.

Separately, the Court notes Plaintiff has attached to his objections a copy of a "Commissary Order" indicating he purchased a "Koran" from the DCDC's commissary on May 10, 2017 (apparently during a prior confinement at the DCDC, as the confinement at issue here began on September 25, 2017), *see* ECF No. 46-1 at p. 1; Plaintiff claims this Koran "contains no Arabic" and "that is why Plaintiff requested to have Mushaf [Arabic version of] Holy Qur'an." ECF No. 46 at p. 2. Meanwhile, Defendant Samuel avers in her affidavit that Plaintiff never purchased a Qur'an from the commissary, ECF No. 37-2 at p. 4, and Defendants Abraham and Hulon aver in

5

Regarding his access-to-the-courts claim, Plaintiff contends that he was not appointed counsel for the first eighteen months of his confinement and that his later-appointed counsel was "insufficient," and therefore he needed access to legal materials and/or a law library "to draw up [a] speedy trial motion" and "to diligently address the court on his own behalf, because no one else was." ECF No. 46 at pp. 1–4; *see* ECF No. 37-2 at pp. 68–70 & ECF No. 40-1 at pp. 2–7 (grievances and responses regarding these issues). However, as the Magistrate Judge explains, Plaintiff *had counsel when he filed his first grievance regarding his lack of access to legal materials*. R & R at p. 11 (citing ECF No. 40-1). *See Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (recognizing a pretrial detainee's right to access the courts is satisfied if he has counsel). Moreover, Plaintiff has not presented any *evidence* of actual injury resulting from the alleged deficiency or temporary absence of counsel.[7] *See id.* (discussing actual injury requirement). *See, e.g.*, *Wise v. Lexington Cty. Sheriff's Dep't*, No.

---

their affidavits that Plaintiff did not seek to acquire a Qur'an. ECF No. 37-3 at p. 3; ECF No. 37-4 at p. 3. The Court need not—and cannot, *see Haze v. Harrison*, 961 F.3d 654, 657 n.2 (4th Cir. 2020) (noting a court cannot resolve conflicts in the evidence at summary judgment)—resolve this evidentiary conflict because, as explained above, dismissal is warranted for failure to exhaust available administrative remedies.

[7] Notably, Plaintiff's complaint indicates he had a court-appointed attorney and does not allege any actual injury. ECF No. 1 at pp. 5–6; *see Blalock v. Eaker*, 845 F. Supp. 2d 678, 680 (W.D.N.C. 2012) ("[A] pretrial detainee who is represented by counsel, or who refuses an offer of counsel, lacks a constitutionally protected right to access and use legal materials." (citing *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978))); *see, e.g.*, *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (holding the plaintiff "cannot prevail on his access-to-courts claim" because he "did not allege in his complaint that the alleged deprivations have caused him actual injury"). Although Plaintiff argues in his unsworn response in opposition and objections that he could have filed a speedy trial motion, the Court agrees with the Magistrate Judge that Plaintiff has not presented evidence showing any delay in his criminal proceedings was caused by his lack of access to legal materials. R & R at p. 11 (citing *Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003))). Also, Plaintiff has not shown why his appointed attorneys could not have filed a speedy trial motion. *See, e.g.*, *Barnes v. Cerliano*, 258 F. App'x 631, 631 (5th Cir. 2007) (finding no actual injury because the plaintiff "has not shown why a speedy trial challenge could not have been filed by his appointed counsel").

Defendant Samuel avers that Plaintiff was appointed a public defender shortly after his arrest and that he has always had unrestricted access to legal counsel, ECF No. 37-2 at p. 3; and in fact, Plaintiff attached to his objections a bond motion indicating he declined the services of his public defender multiple times (although Plaintiff attempts to dispute this fact with his unsworn argument in his objections). ECF No. 46-1 at pp. 2–3. *See Blalock & Chatman*, *supra*. At best, Plaintiff has only shown negligent conduct by Defendants. *See Pink*, 52 F.3d at 78 (holding "negligent conduct that results in a denial of access to the courts" does not establish a § 1983 claim).

6

4:06-cv-01842-RBH, 2008 WL 551618, at *4–7 (D.S.C. Feb. 26, 2008) (granting summary judgment on similar access-to-the-courts claim), *aff'd*, 283 F. App'x 155 (4th Cir. 2008). Finally, it appears Plaintiff is dissatisfied with the attorneys appointed to represent him in his criminal case, and he can raise this matter in his pending criminal proceedings.[8] *See, e.g.*, *Hundley v. Thomas*, 719 F. App'x 250, 252 (4th Cir. 2018) (finding the plaintiff's "claims of denial of access to court" failed in part because "it generally appears [he] is dissatisfied with his criminal attorney"). The Court will grant summary judgment for Defendants as to Plaintiff's access-to-the-courts claim.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 44] as modified by Footnote 3 above, **GRANTS** Defendants' motion for summary judgment [ECF No. 37], **DISMISSES** Plaintiff's free exercise claim *without prejudice* for failure to exhaust administrative remedies, and **DISMISSES** his access-to-the-courts claim *with prejudice*. The Court **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

Florence, South Carolina  
August 5, 2021

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[8] Plaintiff asserts the public defender (Nathan Scales) initially assigned to his case incorrectly informed the state court "that Plaintiff refused his services." ECF No. 46 at pp. 3–4 (citing ECF No. 46-1 at p. 2). Plaintiff also contends he "has never talk[ed] to or seen" the private attorney (Steve Fowler) later appointed to represent him. *Id.* at p. 4 (citing ECF No. 46-1 at p. 8).